**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01032-LTB

HAL WILLIAM ROUECHE, Sr., and
PAGAN ROUECHE, individually and as legal guardians and next friends of
HAL WILLIAM ROUECHE, Jr., an incapacitated person,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA and
LUTHERAN HOSPITAL ASSOCIATION OF THE SAN LUIS VALLY, INC.,  a
Colorado Corporation, d/b/a SAN LUIS VALLEY REGIONAL MEDICAL CENTER,

    Defendants.

___

**DEFENDANT SAN LUIS VALLEY REGIONAL MEDICAL CENTER'S
ANSWER AND JURY DEMAND**
___

COMES NOW Defendant San Luis Valley Regional Medical Center, through its attorneys, COOPER & CLOUGH, P.C., and Answers Plaintiffs' Complaint as follows:

**ANSWER TO JURISDICTIONAL AND FACTUAL ALLEGATIONS**

1.    Defendant San Luis Valley Regional Medical Center admits that it is a health care facility located in Alamosa, Colorado.

2.    Defendant San Luis Valley Regional Medical Center admits that Hall Roueche, Jr. was a patient there from January 24, 2006 until January 29, 2006, at which time he was transferred to Parkview Medical Center in Pueblo, Colorado.

3. Except as explicitly stated above, this Defendant denies the remaining averments of paragraphs 1 through 35 of the Complaint, either affirmatively, or for lack of information sufficient to form a belief as to the truth thereof.

## ANSWER TO FIRST CLAIM FOR RELIEF

4. Defendant San Luis Valley Regional Medical Center incorporates its responses to paragraphs 1 through 35 of the Complaint as set forth above.

5. Plaintiffs' First Claim for Relief does not appear to be directed against Defendant San Luis Valley Regional Medical Center or otherwise purport to state a claim against this Defendant. To the extent any response is required, Defendant San Luis Valley Regional Medical Center denies the averments of paragraphs 36 through 40 of the Complaint, either affirmatively, or for lack of information sufficient to form a belief as to the truth thereof.

## ANSWER TO SECOND CLAIM FOR RELIEF

6. Defendant San Luis Valley Regional Medical Center incorporates its responses to paragraphs 1 through 40 of the Complaint as set forth above.

7. Plaintiffs' Second Claim for Relief does not appear to be directed against Defendant San Luis Valley Regional Medical Center or otherwise purport to state a claim against this Defendant. To the extent any response is required, Defendant San Luis Valley Regional Medical Center denies the averments of paragraphs 41 through 45 of the Complaint, either affirmatively, or for lack of information sufficient to form a belief as to the truth thereof.

## ANSWER TO THIRD CLAIM FOR RELIEF

8. Defendant San Luis Valley Regional Medical Center incorporates its responses to paragraphs 1 through 45 of the Complaint as set forth above.

9. Plaintiffs' Third Claim for Relief does not appear to be directed against Defendant San Luis Valley Regional Medical Center or otherwise purport to state a claim against this Defendant. To the extent any response is required, Defendant San Luis Valley Regional Medical Center denies the averments of paragraphs 46 through 50 of the Complaint, either affirmatively, or for lack of information sufficient to form a belief as to the truth thereof.

## ANSWER TO FOURTH CLAIM FOR RELIEF

10. Defendant San Luis Valley Regional Medical Center incorporates its responses to paragraphs 1 through 50 of the Complaint as set forth above.

11. Except as expressly admitted above, Defendant San Luis Valley Regional Medical Center denies the averments of paragraphs 51 through 55 of the Complaint, including the prayer for relief, either affirmatively or for lack of information sufficient to form a belief as to the truth thereof.

## FIRST DEFENSE - FAILURE TO STATE A CLAIM

12. Plaintiffs' Complaint, in whole or in part, assumes the existence of duties and obligations not required by law, and otherwise fails to state a claim upon which relief can be granted against this Defendant.

## SECOND DEFENSE - PRE-EXISTING CONDITION

13. Plaintiffs' damages, if any, are the sole and proximate result of a pre-existing condition from which Hal Roueche, Jr. suffered.

## THIRD DEFENSE - FAULT OF THE PLAINTIFF

14. Upon information and belief, Hal Roueche, Jr. negligently or intentionally failed to care for himself and failed to follow medical advice, and the injuries and damages allegedly sustained by Plaintiffs are the result of Hal Roueche, Jr.'s comparative negligence. Therefore the recovery sought must be eliminated or proportionately reduced on a comparative basis, in accordance with the provisions of Colorado's Comparative Negligence Statute, C.R.S. § 13-21-111.

## FOURTH DEFENSE - FAILURE TO MITIGATE DAMAGES

15. Upon information and belief, Plaintiffs and/or Hal Roueche, Jr. failed to mitigate their damages, if any, as required by law, and are therefore barred from recovery against this Defendant.

## FIFTH DEFENSE - FAULT OF NONPARTIES

16. Upon information and belief, any damages complained of by the Plaintiffs were caused by acts or omissions of others over whom this Defendant has no control or no right of control and recovery of Plaintiffs, if any, is limited to damages flowing solely from the conduct of this Defendant, pursuant to C.R.S. § 13-21-111.5. Defendant reserves the right to designate nonparties pursuant to C.R.S. §13-21-111.5(3)(b) and to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-101, *et seq.*

## SIXTH DEFENSE - LIMITATIONS OF DAMAGES

17. Plaintiffs' recovery, if any, is limited by the provisions of the Healthcare Availability Act, C.R.S. § 13-64-101, *et seq.* Furthermore, Plaintiffs' recovery for noneconomic damages, if any, is limited pursuant to the provisions of C.R.S. § 13-21-102.5.

## SEVENTH DEFENSE - COLLATERAL SOURCE

18. In the event that a verdict is returned in favor of the Plaintiffs, this Defendant is entitled to a reduction of the damage award, if any, to the extent of any payments made to the Plaintiffs from a collateral source, under the provisions of C.R.S. §13-21-111.6.

## EIGHTH DEFENSE - REAL PARTY IN INTEREST

19. Upon information and belief, Plaintiffs may not be the real party in interest as to all or some of the claimed damages.

**DEFENDANT SAN LUIS VALLEY REGIONAL MEDICAL CENTER DEMANDS THAT THIS CASE BE TRIED TO A JURY OF SIX (6) PERSONS**

WHEREFORE, Defendant San Luis Valley Regional Medical Center requests that the Complaint against it be dismissed with prejudice, that judgment be entered in its favor, that the Court award costs, reasonable attorney fees, and such other relief as this Court deems proper under the circumstances.

DATED this 22nd day of May, 2008.

COOPER & CLOUGH, P.C.

*s/Deanne C. Potestio*
Deanne C. Potestio, #27451
Mary K. Lanning, #34189
1512 Larimer Street, Suite 600
Denver, Colorado 80202-1621
Telephone: (303) 607-0077
Fax: (303) 607-0472
E-mail: dpotestio@cooper-clough.com
mlanning@cooper-clough.com
Attorneys for Defendant
San Luis Valley Regional Medical Center

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of May, 2008, a true and correct copy of the foregoing **DEFENDANT SAN LUIS VALLEY REGIONAL MEDICAL CENTER'S ANSWER AND JURY DEMAND** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties at the following e-mail address:

Frank Coppola, Esq.
William C. Marlin, Esq.
Michael Leinz, Esq.
COPPOLA & MARLIN, P.C.
3010 East 6th Avenue
Denver, Colorado 80206
FWC@CoppolaMarlin.com

Marcy E. Cook
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
marcy.cook@usdoj.gov

s/ *Pat Carrasco*